IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUITERREZ-VALENCIA, )<br>      )<br>             Petitioner, )<br>      )<br>      v. )<br>      )<br>UNITED STATES OF AMERICA, )<br>      )<br>             Respondent. )<br>_____) | CV F 06-0569 AWI<br>(CR F 02-5390 AWI)<br><br>ORDER DENYING<br>PETITIONER'S MOTION TO<br>CORRECT, VACATE OR SET<br>ASIDE SENTENCE<br>PURSUANT TO 28 U.S.C.,<br>SECTION 2255<br><br>(28 U.S.C. § 2255) |

In this case, petitioner Antonio Guiterrez-Valencia ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 120 months that was imposed by this court on February 2, 2004, following a plea of guilty to a single count of conspiracy to manufacture greater than one thousand marijuana plants in violation of 21 U.S.C, sections 846 and 841(a)(1). Petitioner's sole allegation in seeking habeas relief is that he received ineffective assistance of counsel at his change of plea hearing on August 18, 2003. For the reasons that follow, Petitioner's motion pursuant to section 2255 will be denied.

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is one of about 12 defendants that were arrested in connection with a large marijuana growing enterprise located in the Eastern District of California. Petitioner entered a plea of guilty to a single count of conspiracy to manufacture marijuana plants on August 18, 2003. The plea was pursuant to a negotiated plea agreement in which Petitioner admitted that the number of marijuana plants in question was greater than 1,000. Petitioner was sentenced to the statutory minimum of 120 months on January 26, 2004, after the court determined Petitioner did not qualify for relief under the "safety valve" provisions. Judgment was entered on February 2, 2004. Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals on February 4, 2004. The Ninth Circuit dismissed Petitioner's appeal on the ground Petitioner's right to appeal was waived pursuant to the plea agreement. The Ninth Circuit entered judgment on July 13, 2005. Petitioner timely filed his motion pursuant to section 2255 on May 12, 2006.

Pertinent to Petitioner's section 2255 motion, Petitioner's plea agreement, as well as the transcript of the plea colloquy, reflect that Petitioner was advised of his trial rights, including the right to speedy public trial by jury, and all associated "trial rights." He was also advised in both the plea agreement and during the plea colloquy that before the mandatory minimum sentence of ten years could be imposed, the government would have to prove beyond a reasonable doubt that the conspiracy involved more than 1000 marijuana plants and that Petitioner "could reasonably foresee that the conspiracy involved the manufacture of 1,000 marijuana plants." Record of Change of Plea at 10:18-22. Petitioner waived his "trial rights" and agreed to admit to the elements of conspiracy to produce more than 1,000 marijuana plants following advisements contained in the plea agreement and given in open court. The plea agreement also waives all appellate rights, including the right to collaterally attack the sentence pursuant to section 2255.

# LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

**I. Waiver**

As Petitioner acknowledges, Petitioner waived his right both to appeal and to collaterally attack his sentence pursuant to section 2255.  Petitioner contends, however, that the waiver does not include the right to collaterally attack his sentence on the ground of ineffective assistance of counsel.  Petitioner is correct in this regard.

"The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).  However, a waiver cannot bar a claim that relates to the validity of the waiver itself.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Here, Petitioner has challenged the validity of his plea by claiming that his plea of guilty was the result of his attorney's failure to fully inform Petitioner of his right to a jury determination of the

number of marijuana plants involved beyond a reasonable doubt.  Petitioner claims that his plea of guilty was the result of his attorney's ineffective assistance in failing to fully inform Petitioner of all of his rights.

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements.  See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255).  This court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the judgment or his sentence did not waive his right to petition pursuant to section 2255 on the ground of ineffective assistance of counsel.

**II. Ineffective Assistance of Counsel**

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  That Petitioner's attorney did not negotiate a plea agreement that benefits Petitioner to the extent that Petitioner might desire is not a basis for a claim of ineffective assistance of counsel.  See Hill v. Lockhard, 474 U.S. 52 (1985); Weaver v. Palmateer, 455 F.3d

958, 967 (9th Cir. 2006). The issue is whether , but for his counsel's deficient performance, Petitioner would not have accepted the plea agreement. Hill, 474 U.S. at 58-59; Weaver, 455 F.3d at 967. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner alleges two closely related bases for his claim of ineffective assistance of counsel. First, Petitioner contends that his counsel's representation was deficient during the plea colloquy when counsel failed to argue that Petitioner had the right to demand a *jury* determination of the number of marijuana plants involved in the case to a standard of beyond a reasonable doubt. Second, Petitioner alleges that he suffered ineffective assistance of counsel when his attorney failed to argue on appeal that Petitioner's waiver of appellate rights was invalid because the plea was invalid because Petitioner was not advised of his right to a *jury* determination that the offense involved more than 1000 marijuana plants. Both claims are patently frivolous.

Petitioner does not contend and cannot contend that he was not informed that the fact the conspiracy involved more than 1,000 marijuana plant would have to be proven beyond a reasonable doubt before mandatory minimum 10-year sentence could be imposed. Likewise, Petitioner does not and cannot contend that he was not informed of his right to a trial by jury. The record is replete with proof that both admonitions were given during both the plea colloquy and in the plea agreement. Thus, Petitioner's claim for ineffective assistance of counsel is predicated on his contentions that; (1) Petitioner had a right to be specifically informed that his right to a trial by jury included a determination by the jury of the number of plants involved; (2) Petitioner's attorney had a duty to demand that the court so inform Petitioner; and (3) Petitioner would not have entered into a plea agreement had he been so informed.

Petitioner does not cite, and the court cannot find any authority for the proposition that a

court, having advised a defendant that he has a right to a jury trial and having advised the defendant that the government must prove specified facts beyond a reasonable doubt, must also advise the defendant that it is the *jury's* job to decide whether the specified facts are true beyond a reasonable doubt.  But rather than labor over the issue of whether a court has the duty to explain the self-obvious to a defendant during a plea colloquy, the court simply notes that Plaintiff has failed to allege that he would not have entered into the plea agreement if he had known that it was the jury who would have been tasked with finding that the number of marijuana plants involved was greater than 1000.

      During the plea colloquy, the Government recited that 3,496 marijuana plants were recovered from the garden that Petitioner had been associated with.  Petitioner offers no basis at all for the court to find that Petitioner had any reason whatsoever to attempt to convince a jury that the garden in question contained less than 1,000 plants.  Of all the facts that might be at issue in this case, the fact of the number of marijuana plants involved is among the most objective and among the least subject to dispute.  The court cannot conceive of any reason why Petitioner would forego the benefits of the plea agreement that assured Petitioner the least sentence the law allows under the facts of the case in order to have a jury find that the number of marijuana plants involved was greater than 1,000.

      As previously stated, a showing of prejudice in the context of an allegation that a plea agreement was unknowingly or involuntarily entered into requires that the petitioner show that the agreement would not have been signed had the petitioner been adequately informed by the court or his counsel.   Hill, 474 U.S. at 58-59; Weaver, 455 F.3d at 967.  Because Petitioner has failed to make this showing, the court must conclude Petitioner suffered no prejudice as a result of his attorney's performance and that the plea agreement was not entered into unknowingly or involuntarily.  Because the court finds that Petitioner has no basis for a claim that his plea was unknowing or involuntary, the court must conclude Petitioner's counsel was not ineffective for failing to challenge the validity of the plea agreement.  See Lowery v. Lewis, 21 F.3d 344346

(9th Cir. 1994) ("A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law").

THEREFORE, the court finds Petitioner's claim of ineffective assistance of counsel to be without merit.  Petitioner's petition for habeas relief pursuant to 28 U.S.C., section 2255 is therefore DENIED.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   September 21, 2007**                           /s/ Anthony W. Ishii
                                                                              UNITED STATES DISTRICT JUDGE