IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILANO FIGUEROA,<br><br>          Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CV F 05-0567 AWI<br>(CR F 02- 5390-08 AWI)<br><br>ORDER DENYING PETITION<br>FOR WRIT OF HABEAS<br>CORPUS<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner Emilano Figueroa ("Petitioner") seeks relief pursuant to 28 U.S.C. section[1] 2255 from the sentence of 78 months that was imposed by this court on April 26, 2004, following petitioner's entry of a plea of guilty to one count of conspiracy to manufacture 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Petitioner's motion to vacate, correct or set aside his sentence was filed timely on April 28, 2005.  An amendment was filed on May 19, 2005, and supplemental exhibits were filed on July 11, 2005.  On February 27, 2007, the court directed Petitioner to execute a waiver of attorney-client privilege in anticipation that the court might be required to seek a declaration by Petitioner's attorney.  The requested waiver was filed on March 6, 2007.

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

**FACTUAL AND PROCEDURAL HISTORY**

This is a multi-defendant case in which a total of 12 individuals were charged with conspiracy to grow marijuana on a number of large gardens located on public land in various parts of California.  The Presentence Investigation Report ("PIR") alleges Petitioner participated in various activities, including buying and transporting supplies and equipment, that supported two of these marijuana gardens.  Pursuant to the terms of the negotiated plea agreement, Petitioner admitted the underlying conduct alleged and admitted responsibility for a total of 23,296 plants, which had a calculated potential yield of 2,329 kilograms of marijuana.  Also pursuant to the plea agreement, Petitioner waived rights to appeal his conviction or to collaterally attack his sentence by means of petition for writ of habeas corpus.

The PIR indicated a calculated offense level of 32 and a criminal history of II based on the fact Petitioner had committed the offense charged while being on probation from a conviction he suffered in 1978 in Texas.  No other aggravating or mitigating factors were taken into account as information to include such factors was not available at the time of the report.  The PIR indicated the guideline range for an offense level of 32 and criminal history category of II is 135 to 168 months.  Petitioner was sentenced on April 26, 2004, to a term of imprisonment of 78 months.

Petitioner's supplemental exhibit, Doc. #309, consists primarily of a number of documents relating to a traffic accident Petitioner had in the state of Michoacan, Mexico, in 2002.  Included among the documents is a pleading, evidently prepared by a legal representative on behalf of Petitioner, that is dated April 17, 2002.  There is also what appear to be minutes from a court session dated April 22, 2002, and what Petitioner purports to be a record of his arrest in Zamora, Michoacan, on July 1, 2002.  The documents are offered to prove Petitioner was not present in Madera County at the time certain acts in furtherance of the conspiracy that were alleged against Petitioner occurred.

Judgment was entered on April 29, 2004.  Petitioner did not file a direct appeal.  The

instant petition pursuant to section 2255 was filed on April 28, 2005. A pleading titled "Notice and Motion to Supplement and Corrections" was filed on May 19, 2005. Petitioner filed a pleading titled "Petitioner's Correction of Typographical Errors and Misstatements" on June 14, 2005. A document titled "Supplemental Exhibit and Explanation(s) Thereof" was filed on July 11, 2005. The court construes the pleadings that were filed after the original motion to correct, vacate or set aside the sentence was filed as amendments to the original April 28 motion and will consider them as incorporated thereto by reference.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

**I. Voluntariness of Plea, Ineffective Assistance of Counsel and Waiver**

In the plea agreement, Petitioner "waives his right to challenge his conviction, sentence or

3

the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255." Plea agreement at 3:14. Petitioner also acknowledges in the plea agreement that the waiver of rights to appeal and to collaterally attack the sentence or the conviction is in exchange for concessions made by the United States.

Generally, a waiver of the right to appeal or to collaterally attack a conviction or sentence is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). However, the right to challenge the validity of the plea itself on the grounds the plea was not voluntarily made because of ineffective assistance of counsel is not waived. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005). In the plea agreement, Petitioner agreed to waive rights to appeal or to collaterally attack the sentence, judgment, or means of determination of the sentence. In short, Petitioner's plea agreement comprehensively waves the right to challenge his conviction or sentence "on any ground whatever." Because the plea agreement is comprehensive in its waiver of rights of appeal or collateral attack, the court lacks jurisdiction to address the merits of Petitioner's 2255 motion *except* to the extent the motion seeks to invalidate the plea agreement itself on the grounds of involuntariness and/or ineffective assistance of counsel.

A plea agreement must be honored if it is voluntarily made and taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure.[2] United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir. 1999). The court has examined the extensive colloquy between Petitioner and the court during Petitioner's change of plea hearing. The court finds the court thoroughly addressed each of the considerations listed at Rule 11, subdivisions (b)(1) and (b)(2). In particular, the court notes the plea colloquy addressed Petitioner's knowledge of the maximum

---

[2] References to "Rule" or "Rules" hereinafter refer to the Federal Rules of Criminal Procedure unless otherwise specified.

4

and mandatory minimum penalties, the court's obligation to sentence according to the sentencing guidelines and the fact Petitioner had waived rights to appeal and collaterally attack his conviction, sentence or the means by which his sentence would be determined. See Rule 11, subdivisions (b)(1)(H-N). The court also questioned Petitioner to determine the plea was voluntary in accordance with Rule 11, subdivision (b)(2). There is nothing at all in the plea colloquy the court can find that indicates Petitioner's plea was in any way unknowing, involuntary or in violation of Rule 11.

Petitioner contends his plea was nonetheless involuntary because his attorney failed to adequately explain the implications of the agreement or otherwise misled Petitioner into signing a plea agreement that Petitioner would not have otherwise signed. The test for ineffective assistance of counsel in the context of a challenge to the validity of a guilty plea is the same test that is applied generally in criminal cases. Jeronimo, 398 F.3d at 1155. That is, Petitioner must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

With regard to Petitioner's claim that his attorney failed to fully inform Petitioner of the possible consequences of his plea, there is no indication in the record before the court that the assistance provided by Petitioner's attorney was deficient. Petitioner fails to allege any specific misrepresentation or error attributable to his counselor. Even assuming, *arguendo*, Petitioner's attorney failed to inform Petitioner of the sentencing enhancements that could come into play where large quantities of drugs are involved, the record makes it clear Petitioner was informed to the extent the law demands because he was informed by the court that his sentence could be set

higher or lower within the statutory range depending on facts set forth in the sentencing report. Generalized assertions of incompetence, including failure to make objections or less-often-than-desired communications between attorney and a defendant are not sufficient to establish performance below the broad range of acceptable. See Jeronimo, 398 F.3d at 1156 (generalized assertions of incompetence not sufficient).

Neither does the record contain any indication of prejudice. Indeed, what is apparent from the record is that Petitioner's attorney secured a plea agreement that conferred significant benefit on Petitioner. Regardless of Petitioner's subjective notions of what he did or did not admit, the fact remains the amount of drug that was seized at the scene would have been a significant factor in determining the level of criminal conduct in any event, and the amount was clearly established by laboratory analysis. If Petitioner had, as he alleges, refused to accept the plea agreement after being fully informed that his sentence would be enhanced according to the amount of marijuana recovered, he would have faced a high probability of proof of the same facts beyond a reasonable doubt and sentencing on both counts without the benefit of a reduction for taking responsibility. Given that Petitioner's involvement was clearly established by his capture at the scene of the crime and by testimony of the confidential informant and by laboratory analysis of the seized drugs, there is no plausible basis upon which Petitioner can claim prejudice by having been persuaded to sign a plea agreement containing substantial bargained-for benefits.

With regard to Petitioner's claim that he suffered ineffective assistance of counsel because his attorney failed to pursue the possibility that Petitioner was in Mexico during the time he was alleged to have committed certain acts in furtherance of the conspiracy, that claim fails because Petitioner cannot show prejudice. The evidence presented by Petitioner in his supplemental exhibit purports to show that Petitioner was in Zamora, Michoacan, Mexico on April 17, 2002. The court has examined the proffered documents with the aid of the court's certified Spanish language interpreter. Based on information provided by the interpreter, the court concludes the documents presented show that a pleading that was signed by Petitioner was

6

1  filed on April 17, 2002.  There is no indication Petitioner was actually present at the time of
2  filing or that the date the document was typed was the same date as the date it was filed.
3  However, the court does agree that the documents provided are at least probative of Petitioner's
4  whereabouts on April 16, 2002, the date Ptitioner is alleged to have been purchasing agricultural
5  supplies in Madera and Fresno for use at the marijuana grow sites.

6       To show ineffective assistance of counsel, Petitioner must demonstrate first that he
7  informed his attorney that he was in Michoacan, Mexico on April 17, 2002, and that he
8  possessed documents tending to prove that fact, and second Petitioner must show he was
9  prejudiced by his attorney's failure to present the argument and the related documents.  For
10 purposes of this discussion the court will assume that Petitioner's attorney was aware of
11 Petitioner's alibi and supporting evidence and chose not to contest the governments's allegation
12 that Petitioner was in Madera and Fresno on April 17, 2002.  The issue in then simply whether
13 Petitioner suffered prejudice as a result.

14      Petitioner's supplemental evidence concerning the court proceedings in Michoacan,
15 Mexico are possibly sufficient to raise an issue of fact as to the extent of Petitioner's
16 participation in the conspiracy, but not sufficient to form a defense to any participation in the
17 conspiracy.  The PIR states that Petitioner was arrested along with the other conspirators at the
18 residence in Yettem, and that law enforcement officers observed Petitioner at a restaurant in
19 Fresno with the other conspirators.  Further, the PIR indicates papers linking Petitioner to the
20 conspiracy were found at the Yettem residence.  At best, the supplemental evidence, if it had
21 been fully argued, could possibly have indicated Petitioner's role in the conspiracy was of a
22 lesser extent than alleged.

23      The PIR notes that, based on the number of marijuana plants attributable to Petitioner and
24 based on Petitioner's criminal history, the low end of the guideline range is 135 months.  The
25 plea agreement secured on Petitioner's behalf by his attorney yielded a sentence of 78 months.
26 The sentence of 78 months represents a downward departure of at least five (5) levels from the

indicated sentence of 135 months.  This downward departure exceeds all the benefit Petitioner could have received had he succeeded in proving a minor role in the conspiracy (1-2 level reduction) and provides the benefit of a 2 to 3 level reduction for acceptance of responsibility. Given that the total possible benefits of litigating Petitioner's role in the conspiracy in light of the supplementary information available is less than  the benefits Petitioner realized by pleading guilty under the plea agreement negotiated by his attorney, there is no basis for a conclusion that Petitioner suffered any prejudice by not litigating the issue.  Even if Petitioner had managed to prove a minor role, a possibility that seems less than likely in view of the evidence available, he would not have achieved an outcome as beneficial as what he achieved by pleading guilty and he would have risked the very real possibility of being denied any downward departure from the indicated 135-month sentence.

The court finds Petitioner has failed to make the required showing of deficient performance by his counsel and has failed to show he suffered any prejudice as a consequence of the representation that was afforded to him.  The court concludes Petitioner's claim of ineffective assistance is without merit.

The court finds Petitioner entered the plea of guilty knowingly and voluntarily and that there is no indication in the record he suffered ineffective assistance of counsel.  The court therefore concludes that the comprehensive waiver of rights to appeal or to collaterally attack the sentence or the manner in which the sentence was determined is enforceable.  Because the court must give effect to Petitioner's waivers of rights, the court is without jurisdiction to decide the merits of the remaining claims raised by Petitioner's motion pursuant to section 2255.

**II.  Blakely Violation**

The court briefly addresses Petitioner's claims under Blakely v. Washington only for the purpose of demonstrating that Petitioner would not be entitled to relief under Blakely even in the absence of waiver.  In presenting this discussion, the court makes no determination as to whether Petitioner's waiver, which the court has determined is enforceable, encompasses Petitioner's

1    rights under Blakely.

2    In United States v. Booker, 543 U.S., 125 S.Ct. 738, 756 (2005), the Supreme Court applied the rule first announced in Apprendi v. New Jersey, 530 U.S. 446, 490 (2000), and later applied to state sentencing guidelines in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), to the federal sentencing guidelines. Under Booker and Blakely, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756.

The issue presented here is whether the rule in Booker applies. The Ninth Circuit has determined that the rule in Booker and Blakely is not a watershed rule that may be applied retroactively on collateral review, but rather is a rule of procedure that is not applicable to cases where the judgment was final before the rule was announced. Schardt v. Payne, 414 F.3d 1025, 1036-1038 (9th Cir. 2005). The decision in Blakely, was decided on June 24, 2004. Judgment in this case was entered on May 23, 2003. A judgement becomes final the day following the last day on which notice of appeal could have been filed. Where no appeal is taken, the judgment is final on the eleventh day following entry of judgment in the case. See Rodriguez v. United States, 111 F.Supp.2d 112, 113 (D. Conn. 1999). Judgement was therefore final in Petitioner's case on June 3, 2003. Thus, judgment in this case became final a little more than one year before the decision in Blakely was announced. Petitioner may not, therefore, rely upon the rule set forth in Blakely in collaterally attacking his sentence. Even if there were no waiver, Petitioner would not prevail on his claim the sentence was unlawfully enhanced by reliance on facts not admitted to or proven beyond a reasonable doubt.

**III. Vienna Convention**

Because the court finds Petitioner's plea was made knowingly and voluntarily, the court also finds the waiver set forth therein is enforceable and that it encompasses Petitioner's claim of violation of the Vienna Convention due to failure to secure consular services. The issue is

9

therefore waived.

**IV. Other Motions for Relief**

As previously discussed, Petitioner's motions to add grounds or expand the record are granted to the extent they represent amendments to Petitioner's 2255 motion and to the extent the amendments consist of materials already submitted to the court.

The court has determined that, in view of the comprehensive nature of Petitioner's waiver of rights in the plea agreement, the only issues Petitioner may raise are issues pertaining to the validity of the plea of guilty itself. Having reviewed the additional materials submitted by Petitioner, and in light of the considerable benefit to Petitioner realized as a consequence of his plea of guilty, the court finds the plea of guilty was knowing and voluntary and additionally finds that any error that may have been committed by Petitioner's attorney during his representation of Petitioner was harmless. The court therefore concludes Petitioner's plea of guilty is valid and its terms, including the terms of the waiver are enforceable by the court.

THEREFORE, in accordance with the foregoing discussion, Petitioner's motion to correct, vacate or set aside the sentence pursuant to 28 U.S.C. section 2255 is hereby DENIED. The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   October 29, 2008**            /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE